BARBARA J. SCHAER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schaer v. Commissioner
Docket No. 6390-78.
United States Tax Court
T.C. Memo 1979-306; 1979 Tax Ct. Memo LEXIS 213; 38 T.C.M. (CCH) 1191; T.C.M. (RIA) 79306; August 13, 1979, Filed Barbara J. Schaer, pro se. Edward J. Laubach, Jr., for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $380 in petitioner's Federal income tax for 1976. As a result of mutual concessions by the parties, the only issue remaining for decision is whether certain payments made by petitioner's former husband are taxable to petitioner under section 71 [1]/ as alimony or payments in lieu *214 of alimony. FINDINGS OF FACT Barbara J. Schaer (hereinafter petitioner) was a legal resident of Butler, Pennsylvania, when she filed her petition. She filed an individual Federal income tax return for 1976 with the Internal Revenue Service Center, Philadelphia, Pennsylvania. As a result of marital difficulties, petitioner and her husband, Robert W. Schaer (Robert), separated on August 17, 1973. On that same day they executed a written separation agreement which provided, interalia, that "Robert shall pay Barbara $600 per month for the support of herself and their children on or before the fifth day of each month." Also, on August 17, 1973, the Court of Common Pleas of Allegheny County, Pennsylvania, (the Court) entered an order finding that "Robert owes a duty of support as charged in the complaint." The order directed Robert to pay over to the family division of the Court $600 per month "for the support of his wife and 4 children." The family division was then to turn over the $600 monthly payments to petitioner who was *215 identified as "Wife of Deft." Beginning in 1973 and continuing throughout 1976, petitioner lived separate and apart from Robert and maintained a separate residence for herself and the 4 children. On September 13, 1976, the Court entered a decree whereby petitioner and Robert were divorced. The Court in its divorce decree did not refer to its previous support order. Pursuant to the terms of the separation agreement and support order Robert paid petitioner $600 per month for the support of petitioner and their children. After their divorce, Robert continued to make the support payments in the same amount. Petitioner received a total of $7,200 from Robert in 1976. On her 1976 income tax return, petitioner reported as alimony income only $1,440, or one-fifth, of the $7,200.
On November 28, 1977, the Court modified the support order of August 17, 1973, to provide that Robert was required to pay to the family division of the court only $400 a month starting on December 15, 1977, and continuing thereafter for the support of "his two [minor] children." The modified order stated that the two older children were then adults. The order directed the family division to turn the money *216 over to petitioner, "mother of children." Respondent determined in his notice of deficiency that the remainder of the $7,200, or $5,760, which petitioner did not report on her 1976 income tax return constituted alimony or separate maintenance payments and is therefore includible under section 71(a) in petitioner's taxable income. OPINION Respondent contends that both the pre-divorce and postdivorce payments which Robert made in 1976 pursuant to the written separation agreement and the support order are taxable to petitioner under both section 71(a)(2) and section 71(a)(3). We are compelled to agree. Section 71(a) [2]/ provides that a spouse's gross income includes periodic payments which are commonly referred to as "alimony." Under that section the three classifications of alimony are clearly defined as follows: *217 1. Payments made under a decree of divorce or of separate maintenance or under a written instrument incident to divorce or separation (sec. 71(a)(1)); 2. Payments made under a written separation agreement (sec. 71(a)(2)); and 3. Payments made under a written decree for support (sec. 71(a)(3)). The payments which Robert made in 1976 prior to the divorce decree of September 13, 1976, were made pursuant to both the separation agreement and the Court's support order of August 17, 1973. The support order was a "decree for support" within the meaning of section 71(a)(3). The payments were therefore taxable to petitioner under that subsection as well as subsection (a)(2). We think the same conclusion is required with respect to the post-divorce 1976 payments even though under Pennsylvania state law Robert's duty of support for petitioner terminated with the divorce. . With regard to the applicability of section 71(a)(3), it is established that "a husband may not simply ignore an outstanding support decree once he has become divorced but must first fulfill the procedural requirements of petitioning *218 the Quarter Sessions Court and of having the order vacated before he may discontinue payments to his former wife." . It is true that, in Knobler, the support order and the divorce decree were issued by the Quarter Sessions Court and the divorce decree by the Common Pleas Court of Lehigh County, Pennsylvania. In the instant case, both the support order and the divorce decree were issued by the same court, the Common Pleas Court of Allegheny County, but we do not view this difference as being important, . It is important, however, that the spouse on whom is placed the support obligation petition the court which issued the support order to vacate it. Under Pennsylvania law, the order is not vacated automatically with the issuance of the divorce decree but remains in effect. . In the instant case, the support order of August 17, 1973, was not modified until November 28, 1977, and there is no evidence that Robert petitioned the court for a modification *219 at any time in 1976. The payments are taxable as well under section 71(a)(2). Although Robert's duty of support for petitioner terminated under state law with the divorce, , his liability under the separation agreement, since it was contractual in nature, remained in effect. ; cf. . In light of Pennsylvania law, it is therefore immaterial that the terms of the separation agreement in the instant case did not provide that the agreement would survive the divorce decree. Cf. . Petitioner concedes, apparently, that the payments received in 1976 from Robert in the amount of $1,440, which she reported as alimony income on her return for that year, was taxable income to her. She contends initially, however, citing , that the remaining payments totaling $5,760 were not alimony but rather were a property settlement. *220 Yet in the instant case, contrary to the facts in Bernatschke, there is no substantial evidence to support a finding that the monthly payments were part of a property settlement. To the contrary, both the separation agreement and the support order speak in terms of payments for the support of petitioner and the children. Indeed, the support order recites that "it is hereby found" that Robert "owes a duty of support." Based on that finding Robert was ordered to make the support payments. In the alternative, petitioner argues that the payments totaling $5,760, four-fifths of the total amount of the 1976 payments, were child support payments and not alimony. We are unable to agree. As pointed out above, the support order required Robert to pay $600 a month "for the support of his wife and 4 children." The separation agreement provided for the payment of the same amount to Barbara "for the support of herself [petitioner] and their children." The amount of each payment allocable to child support was not specifically designated or fixed in either the support order or the separation agreement. Under section 71(b), [3]/ the entire sum paid for the support of petitioner and the *221 4 children is includible in petitioner's gross income as alimony. . As stated by the Supreme Court in : The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It *222 says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. It may well be that petitioner did not understand the tax implications of the support provisions of the separation agreement and the support order based thereon. If so, it is unfortunate. Given such clear statutory language and the unequivocal explanation by the Supreme Court in the Lester case, however, we have no alternative but to conclude that the support payments are taxable to petitioner. To reflect the concessions made by the parties and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.
2. / Sec. 71(a)(2) and (3) are as follows: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (2) Written Separation Agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for Support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.↩
3. / SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (b) Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩